**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2097-22

LISA BOGUSLAWSKI,

    Plaintiff-Respondent,

v.

G MOTORS USA LLC,

    Defendant-Appellant.

_____

> Submitted May 7, 2024 – Decided August 2, 2024
>
> Before Judges Rose and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2061-21.
>
> Ellis Law Center, attorneys for appellant (Stephen Slavoff, on the brief).
>
> Sirlin, Lesser & Benson, PC, and Timothy Abeel & Associates, PC, attorneys for respondent (Adam Nachmani and Timothy Abeel, on the brief).

PER CURIAM

Defendant G Motors U.S. LLC appeals from the trial court's denial of its motion to vacate a judgment in favor of plaintiff Lisa Boguslawski pursuant to Rule 4:50-1. We affirm.

In her complaint, plaintiff alleged defendant sold her a defective used SUV. The complaint sought: damages under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301-12; damages for breach of the express warranty of habitability; damages under the implied warranty of merchantability and implied warranty of fitness for a particular purpose; and a refund and treble damages under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, asserting defendant violated the New Jersey Motor Vehicle Warranty Act (Lemon Law), N.J.S.A. 56:12-29 to -49.

After defendant failed to answer, plaintiff moved for default judgment. The trial court denied the motion because plaintiff had not yet filed for entry of default, required by Rule 4:43-1. That same day, defendant filed a self-represented answer through one of its members, Alexandre Andreev.[1] The court did not accept defendant's filing because defendant failed to pay the filing fee.

---

[1] Andreev's first name appears inconsistently in the record as "Alexandre," "Alexander," and "Alexandr."

A-2097-22

Plaintiff's claim went to arbitration pursuant to Rule 4:21A-1. After arbitration, plaintiff was awarded $40,135.72. The award noted defendant's presence and participation at arbitration. On the day of the award, the trial court notified defendant it still owed the filing fee, and that the unfiled answer was also deficient under Rule 1:21-1(c), which requires certain business entities to file pleadings through a licensed attorney.

Plaintiff moved to confirm the arbitration award, which the trial court granted as unopposed. Plaintiff then properly served defendant with an information subpoena, but defendant did not respond. Plaintiff moved to enforce litigant's rights, seeking an order compelling defendant to comply with the subpoena. Defendant failed to oppose or respond to the motion. Defendant took no action whatsoever until the trial court issued a bench warrant for Andreev's arrest. On the same day the bench warrant issued, the record shows defendant provided plaintiff the information requested in the subpoena and moved to vacate the arbitration award under Rule 4:50-1.

Citing SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1 (App. Div. 2008), the trial court denied the motion, finding defendant failed to show good cause sufficient to justify relief from the confirmation order. The court also found defendant appeared at the arbitration hearing, rejecting its

3                                                                 A-2097-22

argument that the arbitration award was somehow void. The court was also unpersuaded by defendant's argument that its improperly filed answer should have precluded an arbitration award, noting that defendant could not ignore court rules for two years, then pivot and seek relief from the arbitration award under the same rules. This appeal followed.

"We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "Although the ordinary abuse of discretion standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Ibid.

Defendant makes two arguments. First, the confirmed arbitration award should be vacated pursuant to Rule 4:50-1(d), because defendant never filed a proper answer and plaintiff failed to obtain an entry of default. Second,

defendant argues that the award should be vacated in the interest of justice pursuant to Rule 4:50-1(f).

Having considered defendant's contentions in view of the governing legal principles, we conclude they lack sufficient merit to warrant decision in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the trial court. We add the following comments.

Defendant repeatedly ignored court notices to correct its deficient answer, and never filed a proper answer. Next, defendant appeared at arbitration, but failed to oppose plaintiff's motion to confirm the arbitration award even though it received proper notice. Finally, defendant waited to seek relief from the award until after it had been served with an arrest warrant. The trial court found defendant's actions to be too little, too late. We agree and find no abuse of discretion in the trial court's order denying relief under Rule 4:50-1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-2097-22